FILED
MAY 17 2023
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| JACOB WOLF, ) | |
| ) | **4:23CR264-RWS/RHH** |
| ) | |
| Defendant. ) | |

## INDICTMENT

The Grand Jury charges that:

A. **Introduction**

At all times material to this Indictment, unless otherwise specified below:

1. Commerce Bank and First Bank were financial institutions within the meaning of Title 18, United States Code, Section 20, because they are both financial institutions insured by the Federal Deposit Insurance Corporation.

2. Defendant **JACOB WOLF** resided primarily in St. Louis, Missouri, within the Eastern District of Missouri.

B. **The Scheme to Defraud**

3. Beginning by at least on or about June 1, 2021, and continuing through at least on or about February 14, 2023, in the Eastern District of Missouri, and elsewhere, the defendant, **JACOB WOLF,** with the intent to defraud, knowingly devised and intended to devise a scheme and artifice to defraud federally insured financial institutions.

4. It was part of the scheme and artifice to defraud that the defendant would acquire stolen checks, which were taken from the mailboxes of local businesses in the St. Louis

1

metropolitan area. These stolen checks were intended to pay vendors, employees, and other authorized expenses of the local businesses. After the checks were taken from the mailboxes of local businesses, the checks were altered by replacing the name of the intended recipient of the check with another person's name.

5. It was further part of the scheme and artifice to defraud that, in addition to acquiring the stolen and fraudulently altered checks, the defendant also obtained identification documents (including drivers licenses) for the individuals who were fraudulently listed as the new recipients on the stolen checks. In order to hide his involvement in this scheme, the defendant provided financial institutions with other people's identification documents and posed as those individuals, who were fraudulently listed as the new recipients of the stolen checks.

6. It was further part of the scheme and artifice to defraud that, in an attempt to cash the stolen and fraudulently altered checks, the defendant took those checks to various financial institutions in the St. Louis metropolitan area. Equipped with the stolen checks and someone else's identification documents, the defendant represented to financial institutions that he was the authorized recipient of the stolen and fraudulently altered checks.

7. It was further part of the scheme and artifice to defraud that the defendant presented over a dozen stolen and fraudulently altered checks to financial institutions across the St. Louis metropolitan area. In doing so, the defendant attempted to defraud financial institutions out of over $50,000. In total, the defendant defrauded financial institutions out of more than $10,000.

## COUNT 1
### (Bank Fraud: 18 U.S.C. § 1344)

8. The allegations included in Paragraphs 1 through 7 of this Indictment are hereby incorporated by reference as if fully set forth herein.

9. On or about January 3, 2023, in the Eastern District of Missouri, the defendant,

**JACOB WOLF,**

knowingly executed and attempted to execute the aforesaid scheme and artifice to defraud First Bank, in that the defendant, falsely posing as W.K., presented a stolen and fraudulently altered check to First Bank in the amount of $6,408.64.

All in violation of Title 18, United States Code, Section 1344.

## COUNT 2
### (Aggravated Identity Theft: 18 U.S.C. § 1028A)

10. Each of the allegations of Paragraphs 1 through 9 of this Indictment is hereby incorporated by reference as if fully set forth herein.

11. On or about January 3, 2023, in the Eastern District of Missouri, the defendant,

**JACOB WOLF,**

did knowingly use, without lawful authority, a means of identification of another person, to wit, the name of H.G., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, bank fraud, in violation of 18 U.S.C. § 1344, knowing that the means of identification belonged to another actual person, in that the defendant presented First Bank with a stolen and fraudulently altered check, which included H.G.'s signature as the payor of the check, when—in truth and fact—H.G. did not authorize the payment of the stolen and fraudulently altered check to the defendant.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 3
### (False Statement to a Financial Institution: 18 U.S.C. § 1014)

12. Each of the allegations of Paragraphs 1 through 11 of this Indictment is hereby incorporated by reference as if fully set forth herein.

13. On or about February 14, 2023, within the Eastern District of Missouri, the defendant,

**JACOB WOLF,**

did knowingly make a false statement to Commerce Bank, a financial institution insured by the FDIC, for the purpose of influencing the action of Commerce Bank upon an advance and loan, to wit, in an attempt to cash a stolen and fraudulently altered check (for $1,800.00) at Commerce Bank, the defendant falsely represented that he was the authorized recipient of the check, when—in truth and fact—the defendant knew that he was not the authorized recipient of the check.

All in violation of Title 18, United States Code, Section 1014.

### FORFEITURE ALLEGATION

The United States Attorney further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of offenses in violation of Title 18, United States Code, Section 1344, as set forth in Count 1, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                A TRUE BILL.


                _____
                FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney