IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:23 CR 264 RWS RHH |
| JACOB WOLF, | ) ) ) |
| Defendant. | ) ) |

## **MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Derek J. Wiseman, Assistant United States Attorney for said District, and moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance, pursuant to Title 18, United States Code, Section 3141, *et seq*.  In support of this motion, the Government states as follows:

1. Defendant Jacob Wolf is charged with one count of bank fraud, in violation of Title 18, United States Code, Section 1344, one count of aggravated identity theft, in violation of Title 18, United States Code, Section 1028A, and one count of making a false statement to a financial institution, in violation of Title 18, United States Code, Section 1014.

2. Under Title 18, United States Code, Section 3142(f)(2), the United States moves the Court to hold a detention hearing because this case involves a serious risk that Defendant will flee or obstruct, or attempt to obstruct, justice.  Specifically, Defendant fled from law enforcement on several occasions during his bank fraud scheme in this case. Most recently, on February 14, 2023, Defendant fled at a high rate of speed from law enforcement to avoid being caught cashing a stolen and fraudulent check in Webster Groves, Missouri. In his successful flight from law enforcement on that occasion, Defendant endangered the public by nearly striking innocent

bystanders. Earlier in his scheme to defraud, Defendant fled from law enforcement on January 11, 2023. On that date, Defendant fled after police officers arrived at an Illinois bank where Defendant was attempting to cash a stolen and fraudulently altered check. Defendant also fled from law enforcement on November 28, 2022. On that date, Defendant fled after police officers arrived at the bank where Defendant was attempting to cash a stolen and fraudulently altered check. When police officers arrived on the scene, Defendant fled at a high rate of speed and was able to avoid arrest to continue his fraud scheme. In addition to Defendant's persistent flight from law enforcement, Defendant's previous absconding from state probation during his scheme to defraud also demonstrates his serious risk of flight.

3. Upon a motion of the United States under Title 18, United States Code, Section 3142(f), the Court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." In making this determination, the Court considers the factors set forth in Title 18, United States Code Section 3142(g), including the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger posed by the defendant's release.

4. Both the nature and circumstances of the charged offense and the weight of the evidence in this case warrant Defendant's detention pending trial. *See* 18 U.S.C. § 3142(g)(1) and (2). As alleged in the Indictment, Defendant cashed stolen and fraudulently altered checks to the tune of thousands of dollars. The evidence against Defendant is overwhelming and, in particular, includes surveillance footage showing Defendant cashing stolen and fraudulently altered checks for which he was not the authorized recipient.

5. Defendant's commission of this fraud in recent months also indicates that he poses a financial danger to the community, if released. *See* 18 U.S.C. § 3142(g)(1) and (4). As alleged

in the Indictment, Defendant engaged in this scheme through at least February 2023. Defendant's criminal activity has continued despite the fact that he is currently on state probation. Defendant's continued commission of the charged offense, despite already being under supervision, shows that he is unlikely to abide by any court-imposed conditions of release and is likely to continue committing these offenses. As such, there is no condition or combination of conditions that would reasonably assure his appearance or protect the community from the financial danger he poses.

6. In addition, Defendant's history and characteristics, particularly his prior interactions with law enforcement, indicate that Defendant is a flight risk and poses a danger to the community if released. *See* 18 U.S.C. § 3142(g)(3) and (4). As described in paragraph 2, above, Defendant persistently fled from law enforcement while he was perpetrating the scheme for which he is currently charged. Along with Defendant's recent and persistent flight, he has also racked up over five criminal convictions for serious violations of law, including aggravated battery, possession of controlled substances, and resisting arrest.

WHEREFORE, there are no conditions or combination of conditions that will reasonably assure the defendant's appearance as required and the safety of any other person and the community and the Government requests this Court to order Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of Defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Derek J. Wiseman*
DEREK J. WISEMAN, #68003MO
Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200